UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NATIONAL LABOR RELATIONS BOARD,**<br><br>Petitioner,<br>v.<br><br>**KIMMING MARTY CHENG,**<br><br>Respondent. | Civ. No. 2:21-cv-19694 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

The National Labor Relations Board (the "Board" or "Petitioner"), an administrative agency of the Federal Government, moves for the entry of an order adjudicating Respondent Kimming Marty Cheng ("Cheng" or "Respondent") in contempt of this Court's March 31, 2022 Order enforcing an investigatory subpoena ad testificandum issued by the Board. ECF No. 8. The Court decides this matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons noted below, Petitioner's motion is **granted**.

**I.   BACKGROUND**

On June 28, 2019, the Board issued a Decision and Order finding that Matsu Corp. d/b/a Matsu Sushi Restaurant ("Matsu Sushi") had unlawfully terminated two employees. ECF No. 8-2, Ex. B. On October 26, 2020, the Second Circuit issued a judgment and mandate enforcing the Board's decision ("Second Circuit Judgment"). *Id.* at Ex. A. In investigating compliance with the Second Circuit Judgment, on May 26, 2021, the Board properly served a subpoena on Cheng, Matsu Sushi's principal owner, to appear for his deposition scheduled on June 30, 2021 via Zoom. *Id.* at Ex. C; ECF No. 2-4. After Cheng failed to appear or to challenge the validity of the subpoena as required under 29 U.S.C. § 161(1), the Board moved to enforce the subpoena. ECF No. 1.

On March 31, 2022, this Court issued an Order enforcing the subpoena and directing Cheng to "appear at a deposition at a date and time to be specified by the Board" and to "comply fully and answer fully any appropriate follow-up questions and other inquiries relating to Matsu Corp. d/b/a Matsu Sushi Restaurant's compliance with" the Second Circuit's Judgment. ECF No. 5. On April 28, 2022, the Board sent Cheng a letter enclosing a copy of the March 31, 2022 Order and requesting that Cheng respond to schedule a deposition. ECF No. 8-2, Ex. E. That letter was sent to two addresses (West New York, NJ and Flushing, NY) via UPS 2-day and USPS First Class mail. *Id.* UPS confirmed that the

1

letter was left at the front door of the West New York, NJ address. *Id.* at Ex. F.

Having received no response from Cheng, the Board sent Cheng another deposition notice and letter dated June 3, 2021,[1] informing Cheng that his deposition was scheduled for June 24, 2022 over Zoom and that if he failed to appear, the Board would "initiate further federal court proceedings." *Id.* at Ex. G. That letter was sent to the same two addresses via UPS Overnight and USPS First Class mail. *Id.* The UPS "Proof of Delivery" shows that delivery was to an individual at the Flushing, NY address on June 8, 2022 and left on the porch at the West New York, NJ address on June 6, 2022. *Id.* at Ex. H. Cheng failed to appear by Zoom at the June 24, 2022 deposition. *Id.* at Ex. I.

Accordingly, Petitioner now moves to hold Cheng in civil contempt for his noncompliance and to impose sanctions to coerce future compliance with the March 31, 2022 Court Order as well as to remedy loss due to past noncompliance. Cheng has been served with the pending motion but to date has not filed any response. *See* Petitioner Mot. Cert. of Service.

## II. DISCUSSION

### A. Civil Contempt

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citing *United States v. United Mine Workers*, 330 U.S. 258, 330-332 (1947) (Black and Douglas, JJ., concurring in part and dissenting in part)). A finding of contempt must comport with due process, which requires the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, (1965); *Roe v. Operation Rescue*, 920 F.2d 213, 217 (3d Cir. 1990). Notice and hearing are "customary procedural safeguards [that] ensure that the parties or their attorneys have an opportunity to explain the conduct deemed deficient before the fine is imposed and that a record will be available to facilitate appellate review." *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1127 (3d Cir. 1990) (citing *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 571 (3rd Cir.1985) (en banc)); *see Remington Rand Corp.-Delaware v. Bus. Sys., Inc.*, 830 F.2d 1256, 1258 (3d Cir. 1987) ("Due process requires that, before one is subjected to a court's contempt power, one is entitled to notice that he is being so charged.").

To show civil contempt, the movant must establish by clear and convincing evidence each element: "(1) that a valid court order existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Roe*, 919 F.2d at 870-71 (internal quotations omitted); *John T. ex rel. Paul T. v. Del. County Intermediate*

---

[1] Although the letter is dated June 3, 2021, that is clearly a typographical error as the body of the letter references the Board's letter to Cheng sent on April 28, 2022. ECF No. 8-2, Ex. G.

*Unit*, 318 F.3d 545, 552 (3d Cir.2003) (quoting *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir.1995)); *see also Elec. Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). "[A]ll ambiguities must be resolved in favor of the party charged with contempt." *Int'l Union of Operating Engineers Loc. 825 Emp. Benefit Funds v. Arts Landscaping*, No. 16-2059, 2017 WL 5260781, at *2 (D.N.J. Nov. 13, 2017) (citing *Harris*, 47 F.3d at 1326; *Andrews v. Holloway*, 256 F.R.D. 136, 141 (D.N.J. 2009)).

Here, Petitioner has demonstrated each of the three elements of contempt by clear and convincing evidence. *See New Jersey Bldg. Laborers Statewide Ben. Funds & Trustees Thereof v. Torchio Bros.*, No. 08-552, 2009 WL 368364, at *3 (D.N.J. Feb. 11, 2009). First, the March 31, 2022 Order is a valid order of the Court enforcing an administrative subpoena.

Second, Petitioner has presented proof of delivery to Cheng of the Court's March 31, 2022 Order on or about April 28, 2022 via UPS 2 day and USPS First Class mail and again on June 3, 2022 by UPS Overnight. There is no lack of proof of service, *see, e.g., New Jersey Bldg. Laborers' Statewide Benefit Funds v. Excel Serv. & Const., Inc.*, No. 09-583, 2009 WL 3335864, at *2 (D.N.J. Oct. 13, 2009), defect in type of service, *see Arts Landscaping*, 2017 WL 5260781, at *3, or other indication that Respondent did not receive the Court's Order and the subpoenas. Thus, Petitioner has established by clear and convincing evidence that the Respondent had knowledge of the March 31, 2022 Order.

Third, Petitioner presents clear and convincing evidence that Respondent disregarded the Court's March 31, 2022 Order and subpoenas by failing to appear for deposition. Once the petitioner meets their burden to show violation of a court order, "[a]n alleged contemnor may defend against a contempt petition by coming forward with evidence showing that it is unable to comply with the order in question." *Sec'y of Lab. v. Altor Inc.*, 783 F. App'x 168, 171 (3d Cir. 2019) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). Respondent's burden is to "introduce evidence beyond 'a mere assertion of inability,' and to show that it has made 'in good faith all reasonable efforts to comply.'" *Harris*, 47 F.3d at 1324 (internal cites omitted). Respondent was served with the present contempt motion, but to date has failed to oppose or in any way respond to explain his lack of compliance despite having had the opportunity to do so. *See e.g., Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 494112, at *3 (D.N.J. Feb. 17, 2022); *Torchio Bros.*, 2009 WL 368364, at *3. Thus, the Court finds Respondent in civil contempt.

B. Remedies

Where civil contempt is warranted, the court "may impose a wide range of sanctions, including incarceration, fines, or a reimbursement of costs to the complainant." *Shulman v. Chromatex, Inc.*, No. 08-0229, 2012 WL 3289006, at *3 (M.D. Pa. Aug. 10, 2012); *Robin Woods Inc. v. Woods*, 28 F.3d 396, 401 (3d Cir. 1994) ("district court enjoys

wide, but not unlimited, discretion in fashioning appropriate compensatory sanctions").

Here, the Court will impose a civil contempt fine to coerce Cheng into making good and full-faith efforts to comply with the Court's Order. *See McDonald's Corp. v. Victory Investments,* 727 F.2d 82, 87 (3d Cir. 1984). As Petitioner has proposed, if Cheng does not comply with this Court's contempt adjudication, Respondent shall pay a $1,000 one-time coercive fine as well as $50 for each day Cheng fails to purge himself of contempt. Any such coercive fine shall be payable to the Court. *See Shulman,* 2012 WL 3289006, at *3 (noting that "fine may be payable to the court" and ordering defendants in civil contempt pay $500 per day to court until discovery requests provided); *compare Arts Landscaping,* 2017 WL 5260781, at *3 (finding proposed daily fine of $300 to be "severe").

In addition, the Court will grant Petitioner's request for sanctions compensating it for attorneys' fees and costs it incurred in enforcing compliance with the Court's March 31, 2022 Order. A civil fine imposed "to compensate for losses sustained by the disobedience," may be "payable to the complainant, but it must be based upon evidence of complainant's *actual* loss." *McDonald's Corp.,* 727 F.3d at 87 (emphasis added) (citing *United Mine Workers,* 330 U.S. at 304; *Lichtenstein v. Lichtenstein,* 425 F.2d 1111, 1113–14 (3d Cir. 1970) (noting discretionary contempt award must have some basis in record). However, because any expenses, costs, and fees awarded must be reasonable, *see Lichtenstein,* 425 F.2d at 1113-14, Petitioners shall submit by no later than August 4, 2023, a certified statement of reasonable attorneys' fees (including what the prevailing local market rate is) and costs actually incurred in the preparation and filing of the current contempt motion. Respondent may submit opposition only as to the *reasonableness* of the fees and costs by no later than August 18, 2023.

### III. Conclusion

For the reasons noted above, Petitioners' motion to hold Respondent in civil contempt is **granted**.

Date: July 17th, 2023

WILLIAM J. MARTINI, U.S.D.J.

4